<u>**UNITED STATES BANKRUPTCY COURT**</u>
<u>**DISTRICT OF MASSACHUSETTS**</u>

**In Re:**
**Kristin Peri.**                                      **Chapter 13**
     **Debtor**                                     **Case No. 12-11056-JNF**

---

<u>**MOTION TO APPROVE LOAN MODIFICATION**</u>
<u>**WITH BSI FINANCIAL SERVICES**</u>

Now comes the Debtor and request the court approve a loan modification in the estimated amount of $351,464.90 with BSI Financial Services. In support of this Motion, Debtor states as follows:

1. Debtor filed for Chapter 13 bankruptcy, case number 12-11056-JNF, on February 10, 2010.

2. Debtor is the 100% owner of real estate at 33 Independence Drive, Foxboro, MA. Debtor estimated the value of the property on her Schedule A as $300,000.00.

3. At the time of the bankruptcy filing there was a first mortgage to Wells Fargo listed on Schedule D for $328,000.00.

4. At the time of the bankruptcy filing there was a second mortgage to Wells Fargo Bank, which has been voided per 11 U.S.C. s. 506.

5. BSI Financial Services has proposed a loan modification with Debtor on the first mortgage. The loan modification in the approximate amount of $351,464.90, would keep the first mortgage current, reduce the interest rate to initially 2.00% (a copy of the proposed loan modification is attached and labeled "A"). Debtor's new mortgage payment will adjust to $822.07 for principal and interest per month initially, with a monthly escrow amount of $561.74 also to be paid by Debtor.

6. There will be no detriment to the creditors of the Debtor's estate from this loan modification.

8. The mortgage holder will continue to have a mortgage and lien on Debtor's property for up to $351,464.90 as a result of this loan modification. Debtor will pay for this new mortgage from her monthly income.

9. No other financing is available to Debtor.

10. The Debtor believes it is beneficial that she is authorized to obtain the loan modification described previously from BSI Financial Services.

**Wherefore,** the Debtor requests the following:

1. The court hold a hearing on this Motion to Approve Loan Modification with BSI Financial Services at the earliest possible date.

2. The court authorize Debtor to obtain the loan modification for up to $351,464.90 from BSI Financial Services and grant a security interest in Debtor's residence as per the Proposed Order.

3. For such other and further relief as this court deems just.

                              Debtor
                              by her attorney,

Date: May 9, 2013             /s/ John Ullian
                              John Ullian, Esq.
                              Ullian and Associates, P.C.
                              220 Forbes Road, Suite 106
                              Braintree, Ma 02184
                              (781) 848-5980



**After Recording Return To:**
BSI Financial Services
P.O.Box 517
314 S. Franklin St.
Titusville, PA 16354

This document was prepared by: Jennifer Rodgers

_____[Space Above This Line For Recording Data]_____

# HOME AFFORDABLE MODIFICATION AGREEMENT
## (Step Two of Two-Step Documentation Process)

Borrower ("I"):[1] Kristin L. Peri
Lender or Servicer ("Lender"): BSI Financial Services
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):02/28/2007
Loan Number: 368482918
Property Address: 33 Independence Dr., Foxboro, MA 02035

If my representations in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations.** I certify, represent to Lender and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B. I live in the Property as my principal residence, and the Property has not been condemned;
    C. There has been no change in the ownership of the Property since I signed the Loan Documents;
    D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification program ("Program"));
    E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
    F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
    G. I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  Form 3157  3/09  (rev. 8/09)  *(page 1 of 5 pages)*

H.  I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

B.  If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B.  I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 03/01/2013 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a workout plan or trial period plan, this modification will not take effect. The first modified payment will be due on 03/01/2013.

A.  The new Maturity Date will be: 02/01/2053

B.  The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $351,464.90 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C.  $80,000.00 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $271,464.90. Interest at the rate of 2.00% will begin to accrue on the Interest Bearing Principal Balance as of 02/01/2013 and the first new monthly payment on the Interest Bearing Principal Balance will be due on 03/01/2013. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1 | 2.00% | 02/01/2013 | $822.07 | $561.74, may adjust periodically | $1,383.81 may adjust periodically | 03/01/2013 | 60 |
| 6 | 3.00% | 02/01/2018 | $955.05 | May adjust periodically | May adjust periodically | 03/01/2018 | 12 |
| 7-40 | 3.375% | 02/01/2019 | $1006.51 | May adjust periodically | May adjust periodically | 03/01/2019 | 408 |

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** – Single Family – **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**   **Form 3157**   3/09 (rev. 8/09) *(page 2 of 5 pages)*

*\*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.*

*The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.*

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.  If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F.  I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

G.  If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4.  **Additional Agreements.** I agree to the following:

A.  That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B.  That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

C.  To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.  That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E.  That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F.  That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** – Single Family – **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**                                   Form 3157    3/09 (rev. 8/09) *(page 3 of 5 pages)*

construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and this Modification Agreement by Lender to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their

responsibilities under the Home Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

N. I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

In Witness Whereof, the Lender and I have executed this Agreement.

BSI Financial Services _____ (Seal)
Lender                    Borrower
                          2/20/13
By: Jill Johnson Shuly    Date
    2/22/13               _____ (Seal)
Date                      Borrower
                          2/20/13
                          Date

_____[Space Below This Line For Acknowledgement]_____

NOTARY Karen Ann Ludwig

February 20, 2013

KAREN ANN LUDWIG
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires
March 8, 2013

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** – Single Family – **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**      Form 3157   3/09 (rev. 8/09) *(page 5 of 5 pages)*

## Acknowledgment

STATE OF _Pennsylvania_

COUNTY OF _Crawford_

On this, the _22nd_ day of _February_, _2013_, before me _Tammy L Witherow_, the undersigned officer, personally appeared _Jill Johnson-Sheely_, known to me (or satisfactorily proven) to be the person whose name _Jill Johnson Sheely_ subscribed to the within instrument, and acknowledged that _Jill Johnson Sheely_ (he/she/they) executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_Tammy L Witherow_

Notary Public

Printed Name: _Tammy L Witherow_

My Commission Expires:

_01-26-2014_

NOTARIAL SEAL
TAMMY L WITHEROW
Notary Public
TITUSVILLE CITY, CRAWFORD CNTY
My Commission Expires Jan 26, 2014

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In Re:
**Kristin Peri.**
    Debtor

**Chapter 13**
**Case No. 12-11056-JNF**

## ORDER

A Motion to Approve Loan Modification with BSI Financial Services filed by Debtor was duly noticed upon all parties concerned with the matter to which the Motion pertains, and an opportunity for a hearing was provided.

It is ORDERED as follows:

The Motion to Approve Loan Modification with BSI Financial Services for an estimated amount of $351,464.90 is granted.

Dated:

By the Court

_____
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, John Ullian, hereby certify under the pains and penalties of perjury that I served the foregoing **MOTION TO APPROVE LOAN MODIFICATION WITH BSI FINANCIAL SERVICES** by mailing a copy of same either by electronic mail or by mailing a copy of the same, postage prepaid, to those parties listed below and on the attached Matrix.

Carolyn Bankowski
Chapter 13 Trustee
PO Box 8250
Boston, MA 02114

US Trustee
JW McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109

Kristin Peri
55 Cottage Street
Mansfield, MA 02048

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 02048

US Bank National Association, as Legal Title
Trustee for LVS Title Trust I
c/o Taylor Greene
Swiggart & Agin LLC
197 Portland Street
Boston, MA 02114

US Bank National Association, as Legal Title
Trustee for LVS Title Trust I
c/o Elizabeth Sousa
Ablitt Scofield, P.C.
304 Cambridge Road
Woburn, MA 01801

Wells Fargo Bank, NA
c/o Richard Mulligan
Harmon Law Offices, P.C.
Newton Highlands, MA 02461-0345

Wells Fargo Bank
1 Home Campus
MAC X2303-01A
Des Moines, IA 50328

BSI Financial Services
P.O. Box 517
314 S. Franklin Street
Titusville, PA 16354


Date: May 9, 2013

/s/ John Ullian
John Ullian, Esquire
Ullian & Associates, P.C.
220 Forbes Road, Suite 106
Braintree, MA 02184
(781) 848-5980

ACI
c/o State Collection Service
250958 Stoughton Road
Madison, WI 53716

Bank of America
PO Box 982238
El Paso, TX 79998

Bank of America
c/o Midland Management
8875 Aero Drive
San Diego, CA 92123

Bank of America
c/o Cavalry Portfolio
PO Box 27288
Tempe, AZ 85285

Capital One
PO Box 71083
Charlotte, NC 28272

Chase Auto Finance
PO Box 901076
Fort Worth, TX 76101

Chase Bank
PO Box 71083
Charlotte, NC 28272

ExxonMobil
Processing Center
Des Moines, IA 50361

Fairpoint Communications
PO Box 11021
Lewiston, ME 04243

Home Depot/Citibank
Processing Center
Des Moines, IA 50364

Household Bank
PO Box 17051
Baltimore, MD 21297

HSBC
PO Box 60167
City of Industry, CA 91716

Kohls
PO Box 2983
Milwaukee, WI 53201

Lin Condo Assoc.
PO Box 63
Glen, NH 03838

Lord & Taylor
PO Box 960035
Orlando, FL 32896

Midland Funding
c/o Howard Lee Schiff
340 Main Street, Suite 959
Worcester, MA 01608

Midland Funding
c/o Lustig, Glaser & Wilson
PO Box 549287
Waltham, MA 02454

NH Electric Co-op
579 Kenny Highway
Plymouth, NH 03264

Saxon Mortgage
PO Box 161486
Fort Worth, TX 76161

Saxon Mortgage
c/o Orlans/Moran
PO Box 962169
Boston, MA 02196

Time Warner of Maine
c/o Credit Management
4200 International Parkway
Carrollton, TX 75007

Verizon NE
500 Technology Drive
Weldon Spring, MO 63304

Wells Fargo
PO Box 11701
Newark, NJ 07101

Wells Fargo
c/o Primary Financial Services
3115 North 3rd Avenue, Suite 112
Phoenix, AZ 85013

Wells Fargo Bank
PO Box 4233
Portland, OR 97208

```
White Mountain Oil
2820 White Mountain Highway
PO Box 690
North Conway, NH 03860
```